IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN VALLEY GLAZING, MVG INVESTMENTS, KIM B. WARDLE, KAREN N. WARDLE, CHRISTOPHER S. WARDLE, and JORDAN P. WARDLE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PREJUDGMENT WRIT OF REPLEVIN**<br><br>Case No. 2:23-cv-00588-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff's motion for a prejudgment writ of replevin under Rule 64 of the Federal Rules of Civil Procedure and Rules 64A and 64B of the Utah Rules of Civil Procedure. Plaintiff has submitted an affidavit showing that the requirements for a prejudgment writ of replevin are satisfied, and Defendants have failed to respond. Accordingly, the court GRANTS the motion without a hearing.

## BACKGROUND

Back in 2014, Defendant Mountain Valley Glazing, a specialty contractor, sought surety bonds from Plaintiff The Guarantee Company of North America for various construction projects. All Defendants agreed to indemnify Plaintiff jointly and severally for any losses and expenses incurred because of the bonds by assigning and granting a security interest in an extensive list of personal property to Plaintiff. *See* ECF 18-3 ("Indemnity Agreement") at 3.

Eight years later in May 2022, Plaintiff issued payment and performance bonds of over $2 million each for Mountain Valley Glazing's work as a subcontractor on a project in Salt Lake City. Plaintiff guaranteed performance of the subcontract and payment for labor and materials. At some point, Mountain Valley Glazing defaulted on its obligations and was terminated by the general contractor, which then made a demand on Plaintiff's performance bond. Plaintiff also received a demand for almost $1 million from a supplier claiming nonpayment by Mountain Valley Glazing.

Faced with potential exposure under the bonds, Plaintiff demanded that Defendants deliver $1.2 million in collateral by August 2023 to secure their indemnification obligation. Defendants failed to do so.[1] Plaintiff now seeks to enforce its interest in the collateral through a prejudgment writ of replevin.

## DISCUSSION

A prejudgment writ of replevin is a remedy that transfers possession of specified property in which the plaintiff claims an interest or ensures its presence during the pendency of the action without determining the right to its possession. 77 MICHAEL N. GIULIANO, CORPUS JURIS SECUNDUM REPLEVIN § 59 (2024). The Federal Rules of Civil Procedure do not themselves authorize federal courts to issue a prejudgment writ of replevin, but Rule 64 offers federal litigants all the remedies available under the law of the state in which the court sits to secure satisfaction of a potential judgment. FED. R. CIV. P. 64(a). Utah law, in turn, authorizes courts to issue a prejudgment writ of replevin if the plaintiff can prove the requirements of Rule 64A of the Utah

---

[1] It is the position of Defendants MVG Investments, Christopher S. Wardle, and Jonathan P. Wardle (who have appeared in this action) that the other Defendants (who have not appeared at all in this action) are responsible for posting the collateral. *See* ECF 40 ("Status Report"). So, Plaintiff seeks replevin as to the property of only the other Defendants—Mountain Valley Glazing, Kim B. Wardle, and Karen N. Wardle. *See* ECF 18 ("Motion for Prejudgment Writ of Replevin") at 3 n.1.

Rules of Civil Procedure (the rule on "Prejudgment Writs in General") and the requirements of Rule 64B (the rule on "Writ[s] of Replevin"). UTAH R. CIV. P. 64A(h). Rule 64A(c) first requires the plaintiff to prove all of the following conditions:

(1) "that the property is not earnings and not exempt from execution";

(2) "that the writ is not sought to hinder, delay[,] or defraud a creditor of the defendant"; and

(3) "a substantial likelihood that the plaintiff will prevail on the merits of the underlying claim."

UTAH R. CIV. P. 64A(c)(1)–(3). In addition, the plaintiff must prove at least one of the following:

(4) "that the defendant is avoiding service of process";

(5) "that the defendant has assigned, disposed of[,] or concealed, or is about to assign, dispose of[,] or conceal, the property with intent to defraud creditors";

(6) "that the defendant has left or is about to leave the state with intent to defraud creditors";

(7) "that the defendant has fraudulently incurred the obligation that is the subject of the action";

(8) "that the property will materially decline in value";

(9) "that the plaintiff has an ownership or special interest in the property"; or

(10) "probable cause of losing the remedy unless the court issues the writ."

UTAH R. CIV. P. 64A(c)(4)–(10). Further, the defendant must receive notice of and an opportunity to respond to the motion for the writ and supporting affidavits before the court may issue the writ. UTAH R. CIV. P. 64A(e)–(f). Finally, Rule 64B(b) requires the plaintiff to prove in addition that it is entitled to possession of the property and that the defendant has wrongfully detained the property. UTAH R. CIV. P. 64B(b).

In support of its motion, Plaintiff has submitted an affidavit from an authorized representative. Plaintiff served a copy of this affidavit along with a copy of its motion for the writ upon the Defendants as to whom Plaintiff seeks the writ—Mountain Valley Glazing, Kim B. Wardle, and Karen N. Wardle. These Defendants have failed to appear in this action at all and have thus forfeited their opportunity to challenge the factual assertions in the affidavit.

Based on the affidavit and indemnity agreement, the court finds that all three necessary conditions of Rule 64A(c) are satisfied here. First, the affidavit states that the collateral does not constitute earnings and is not exempt from execution (the (c)(1) condition). ECF 18-1 ("Decl. of Tavaglione") at 6. Second, it states that Plaintiff seeks the writ to enforce its own rights, not hinder, delay, or defraud Defendants or any other creditor of theirs (the (c)(2) condition). *Id.* The court also concludes that Plaintiff has shown a substantial likelihood of prevailing on the merits (the (c)(3) condition): The indemnity agreement assigned the collateral to Plaintiff (in addition to granting Plaintiff a security interest in it) and gave Plaintiff the right to enforce its interests in the collateral in the event of default. *See* Indemnity Agreement at 3–4. Event of default under the indemnity agreement includes declaration by any project owner that Defendants have defaulted on a contract with that project owner. *Id.* at 1. And the affidavit describes exactly such an event: the general contractor for the construction project in Salt Lake City notified Plaintiff that Mountain Valley Glazing had defaulted on its obligations. Decl. of Tavaglione at 5. Thus, Plaintiff is substantially likely to prevail on its claim that it has a legally enforceable interest in the collateral.

As for the remaining seven conditions of Rule 64A(c), only one of which the Plaintiff must prove, the court finds (c)(5) and (c)(9) satisfied here. The affidavit states that Kim B. Wardle and Karen N. Wardle have been liquidating Mountain Valley Glazing's assets and depositing the proceeds into their personal accounts, and the court may reasonably infer from this conduct an

4

intent to defraud creditors (the (c)(5) condition). *Id.* at 6. Moreover, the court concludes that as secured creditor and assignee, Plaintiff has both an ownership interest and a special interest in the collateral (the (c)(9) condition). Therefore, Plaintiff has proven the requirements of Rule 64A(c).

Finally, the court finds the conditions of Rule 64B(b) satisfied. Given Mountain Valley Glazing's default on its subcontract and the general contractor's subsequent demand on Plaintiff, Plaintiff is entitled to possess the collateral. And because Defendants have not delivered the collateral that Plaintiff rightfully demanded, they wrongfully detain the property. Having concluded that all the requirements are satisfied, the court grants Plaintiff's motion for a prejudgment writ of replevin.

In addition to a prejudgment writ of replevin, Plaintiff requests two other orders: first, an order directing Defendants Mountain Valley Glazing, Kim B. Wardle, and Karen N. Wardle to show cause why the writ should not issue; and second, an order granting a writ of assistance authorizing a law-enforcement agency to use reasonable and necessary force to obtain the collateral. The court denies both of these requests. An order to show cause is unnecessary because those Defendants already received notice of the proceedings in this action, yet they nonetheless declined to appear. As for the writ of assistance, Plaintiff may move the court for enforcement of the writ of replevin if it becomes necessary, and a magistrate judge will handle the motion at that time.

## CONCLUSION AND ORDER

For the reasons above, the court **GRANTS** Plaintiff's motion for a prejudgment writ of replevin for the collateral described in the indemnity agreement as to Defendants Mountain Valley Glazing, Kim B. Wardle, and Karen N. Wardle, **DENIES** Plaintiff's request for an order to show

cause, and **DENIES** the request for a writ of assistance without prejudice. The court will issue a writ according to this memorandum decision.

DATED September 24, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge